In the Matter of BAUMANN & SONS BUSES, INC., et al., Appellants, v BOARD OF EDUCATION, NORTHPORT-EAST NORTHPORT UNION FREE SCHOOL DISTRICT, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent school district from awarding a transportation contract to anyone other than the corporate petitioner, the appeal is from a judgment of the Supreme Court, Suffolk County, dated June 15, 1977, which dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, payable by the respondent school district to appellants, and proceeding remanded to Special Term for an immediate hearing in accordance herewith. Through a competitive bidding procedure, the corporate petitioner was awarded a transportation contract for the 1976-1977 school year. The respondent school board, despite the fact that it could simply have extended its contract with that petitioner, pursuant to subdivision 14 of section 305 of the Education Law (see *Matter of Scarsdale Bus Corp.,* 16 Ed Dept Rep 283), proceeded to receive competitive bids for the 1977-1978 contract. Respondent Starlite Bus Company, Inc., was the lowest bidder and the board apparently intends to award the 1977-1978 contract to Starlite. Although the corporate petitioner was invited to, and did, partici-

pate in the competitive bidding, offering a higher bid than that of respondent Starlite, the board, pursuant to subdivision 14 of section 305, has a duty to reject all bids received and extend its contract with that petitioner if such an extension would be at a price lower than the bid submitted by Starlite (see *Matter of Ross v Wilson*, 308 NY 605; *Matter of White Carriage Corp.*, 16 Ed Dept Rep 354). Subdivision 14 of section 305 provides for specific limitations upon any contract increases attendant to a contract extension. Since Special Term did not determine whether an extension of the corporate petitioner's contract would result in savings to the district, the proceeding has been remanded to Special Term for a determination of that question. Martuscello, J. P., Margett and O'Connor, JJ., concur; Suozzi, J., dissents and votes to affirm the judgment, with the following memorandum: By its determination herein, the majority is negating the clear and unequivocal language and meaning of subdivision 14 of section 305 of the Education Law. That statute expressly grants the respondent board of education the unfettered discretion to either submit its transportation needs to competitive bidding or instead to extend an existing contract with a maximum increase in cost fixed by the statute. The record is devoid of any evidence that the respondent board, in soliciting competitive bids for the 1977-1978 contract, abused its discretion or acted out of any motivation other than a good faith desire to secure the best possible transportation contract for the school district. In submitting the transportation problem of the district to competitive bidding, the board was continuing its established policy of not extending prior contracts. Moreover, at the same time it submitted this item to competitive bidding, it also invited the corporate petitioner to join the bidding. This invitation came at a time after the board had received that petitioner's offer, which it did not accept, to extend its 1976-1977 contract with the board for another year with an increase in cost pursuant to the statutory formula. Therefore, under these circumstances, the board not only had the reasonable expectation that the corporate petitioner's competitive bidding would be in line with its offer to extend the existing contract, but also preserved the opportunity to obtain a lower bid from other bidders. In my view, the submission of the transportation needs of the district to competitive bidding was not an abuse of the board's discretion. Instead of repeating the initial offer, the corporate petitioner submitted a bid in excess thereof and higher than that of the lowest competitive bidder, respondent Starlite Bus Company, Inc. The board's decision to award the contract to Starlite, under these circumstances, did not constitute an abuse of its discretion so as to justify judicial interference with the board's good faith performance of its duties. By remanding the matter to the Special Term for a determination as to whether an extension of the corporate petitioner's existing contract with the school district and a rejection of Starlite's bid would result in any savings to the district, the majority gives the petitioners a proverbial second bite of the apple after its unsuccessful attempt to become the lowest competitive bidder, and seriously undermines the sound policy of competitive bidding.